FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 11, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SELENE VIOLET BRAY-HERNANDEZ (*formerly known as* Bryan Paul Hernandez),<br><br>Plaintiff,<br><br>v.<br><br>G. ERIC CARPENTER, EASTERN STATE HOSPTIAL and DANIEL G. SIM,<br><br>Defendants. | No. 2:25-CV-00331-SAB<br><br>**ORDER DENYING MOTION TO ALTER OR AMEND ORDER DENYING LEAVE TO PROCEED** *IN FORMA PAUPERIS* |

Before the Court is Plaintiff's Motion to Alter or Amend Order. ECF No. 18. Plaintiff, a civilly committed detainee, is proceeding *pro se*; Defendants were not served. The Motion was considered without oral argument on the date signed below.

Plaintiff brings this Motion pursuant to Fed. R. Civ. P. 59, claiming an Order issued on December 22, 2025, did not include Plaintiff's written objections to an earlier Order and failed to acknowledge an amended *in forma pauperis* application. *Id.* at 1. Plaintiff asserts that "the order should clarify whether the denial of a certificate of appealability is directed solely to the dismissal itself or extends to the

ORDER DENYING MOTION TO ALTER OR AMEND ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* -- 1

denial of the IFP application. ECF No. 18 at 1.

By Order filed December 22, 2025, the Court denied Plaintiff leave to proceed *in forma pauperis* and dismissed this civil rights action for non-payment of the $405.00 filing fee. ECF No. 16. The Court finds no further clarification is necessary. The Court referenced the *in forma pauperis* application received on October 30, 2025, ECF No. 7, noting that it did not supply accurate information regarding Plaintiff's past litigation. *See* ECF No. 16 at 1.

Plaintiff has filed two appeals in this case that are currently pending in the Ninth Circuit, Case Nos. 25-7830 and 26-261. *See* ECF Nos. 12, 15 and 19. A petition for writ of mandamus, filed on December 16, 2025, Case No. 25-7863, was denied on January 28, 2026. *See* ECF No. 21.

## MOTION FOR RECONSIDERATION

Motions for reconsideration are generally disfavored and should not be granted, "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or . . . there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation,* 331 F.3d 1041, 1046 (9th Cir. 2003).

Plaintiff has not presented newly discovered evidence, shown the Court committed clear error, or argued that there has been an intervening change in the controlling law. *See 389 Orange St. Partners*, 179 F.3d at 665.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Alter or Amend Order, **ECF No. 18**, is **DENIED.**

ORDER DENYING MOTION TO ALTER OR AMEND ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* -- 2

      2.      The file shall remain **CLOSED**.

      3.      The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith.

      **IT IS SO ORDERED**.  The Clerk of Court is directed to enter this Order and provide a copy to Plaintiff.

      **DATED** this 11th day of February 2026.



      Stan Bastian
Chief United States District Judge

ORDER DENYING MOTION TO ALTER OR AMEND ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* -- 3